**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

LAMONT HOWARD,                          :
                                        :
               Plaintiff                :
                                        :          NO. 1:09-CV-120 (WLS)
        VS.                             :
                                        :          **O R D E R**
ELAINE HUTTO, Autry Medical Director,   :
*et al.*,                               :
               Defendants               :

_____

Plaintiff **LAMONT HOWARD**, while confined at Autry State Prison ("Autry") in Pelham, Georgia, filed this *pro se* 42 U.S.C. § 1983 action making wide-ranging allegations about his receipt of improper medical care at various Georgia state prisons.  By order dated October 20, 2009, this Court instructed plaintiff to recast his complaint in several respects, including to name only defendants at Autry.

On November 13th, the Court received plaintiff's 33 page motion for leave to consolidate the instant case with a case filed in 2007 in the Southern District of Geogia.[1]  *Howard v. Tripp*, Civil Action Number 3:07-CV-45-DHD.  In said motion, plaintiff Howard indicates that he has been transferred to Rogers State Prison.  Plaintiff apparently did not receive this Court's October 20th order. Therefore, the Clerk of the Court is **DIRECTED** to mail a copy of the October 20th order to plaintiff at Rogers State Prison.  Plaintiff shall then have until **December 18, 2009**, to submit his recast complaint.  If he fails to respond to this order in a timely manner, this action shall be dismissed.

_____

[1]Plaintiff has also filed in the Southern District of Georgia a motion to consolidate the instant case with *Howard v. Tripp*.  Said motion remains pending.

As directed in this Court's October 20th order, plaintiff's recast complaint shall be limited to defendants located and events arising at Autry. It is not appropriate to join unrelated claims and various defendants in one action unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a). As the Seventh Circuit stated in *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007), "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees.... A buckshot complaint that would be rejected if filed by a free person-say, a suit complaining that A defrauded [him], B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions-should be rejected if filed by a prisoner."

In the same vein, rule 42(a) of the Federal Rules of Civil Procedure authorizes the Court to consolidate for joint hearing or trial any or all matters at issue "[w]hen actions involving a common question of law or fact are pending before the court." Fed.R.Civ.P. 42(a). Plaintiff's claims arising at Autry, which are the subject of this lawsuit, and his claims arising at Dodge State Prison, which are the subject of *Howard v. Tripp*, were filed two years apart, are pending against different defendants in different federal judicial districts, and do not present common questions of law or fact.

Accordingly, plaintiff's Motion to Consolidate (Tab #12) is **DENIED**.

SO ORDERED AND DIRECTED, this 1st day of DECEMBER, 2009.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE