**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| LAMONT HOWARD, | : | |
| Plaintiff | : | NO. 1:09-CV-120 (WLS) |
| VS. | : | |
| ELAINE HUTTO, *et al.*, | : | **PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE** |
| Defendants | : | **ORDER & RECOMMENDATION** |

Plaintiff **LAMONT HOWARD**, an inmate at Rutledge State Prison in Columbus, Georgia, filed the above-captioned *pro se* complaint pursuant to 42 U.S.C. § 1983.[1] Because plaintiff's complaint was excessive in length and contained wide-ranging allegations, the Court on October 20, 2009, ordered plaintiff to submit a recast complaint. Plaintiff complied with the Court's order.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in

---

[1] Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). However, plaintiff is nevertheless obligated to pay the full amount of the $350.00 filing fee, as described later in this order and recommendation.

law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."  *Neitzke*, 490 U.S. at 327 (quoting *Hishon* **v.** *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B.  General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements.  First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States.  *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id.*

## II.  MOTION TO TRANSFER

As an initial matter, the Court notes that on December 15, 2009, plaintiff filed a motion to "Transfer" this case to the United States District Court for the Southern District of Georgia (Tab # 15).  As discussed below, the undersigned is recommending dismissal of the Augusta State Medical Prison ("ASMP") personnel as defendants in this lawsuit.  Because said defendants would appear to be the only defendants who reside in the Southern District, plaintiff's motion is **DENIED**.

### *III. BACKGROUND*

The gravamen of plaintiff Howard's complaint is that he was denied appropriate medical treatment for Hepatitis C. He alleges that this denial resulted from a Georgia Department of Corrections ("GDOC") policy prohibiting treatment of inmates for Hepatitis C within two years of their release date.

In his original complaint, plaintiff named as defendants three individuals at Autry State Prison ("ASP"), Bruce Chatman, Marty Allen, and Elaine Hutto; one individual at ASMP, Dr. Ayaz Chaudhary; and, two GDOC officials, Brian Owens and Johnny Sikes.

In this Court's October 20, 2009 order, plaintiff Howard was instructed that personnel who work at prisons other than Autry were not appropriate defendants in this lawsuit. The Court specifically advised plaintiff that any claims against Dr. Chaudhary, the ASMP defendant, should be filed in a *separate* lawsuit in the Southern District of Georgia.

In his Recast Complaint, plaintiff ignored the above direction of this Court. In addition to naming Dr. Chaudhary as a defendant, plaintiff has added as defendants two additional ASMP personnel, Dr. Young and Dr. Nichols, two Wilcox State Prison ("WSP") personnel, Terrie Mullis and Todd Tripp, and Deborah King, a nurse at Rogers State Prison ("RSP").

In addition to maintaining all originally named defendants, plaintiff named in his Recast Complaint three new GDOC officials, James Donald, Joseph Paris, and Shenondah Fields.

## *IV. DISCUSSION*

### *A. ASMP, WSP, and RSP defendants*

Despite this Court's specific instructions, plaintiff persists in naming as individuals who work at prisons other than ASP. As this Court discussed in its orders dated October 20 and December 1, 2009, plaintiff may not bring in a single lawsuit claims arising out of events occurring, and personnel employed, at multiple prisons. This Court directed plaintiff not to name in his Recast Complaint any defendants who work at prisons other than ASP, which is located in the Middle District and was the focus of his original complaint. If plaintiff Howard wishes to raise claims against personnel at prisons other than ASP, he must do so in separate lawsuits filed in the districts in which the applicable defendants are located.

Plaintiff conclusorily alleges conspiracy among the various defendants but provides no specific factual allegations supporting the existence of a conspiracy. Vague and general allegations of a state official's participation in a conspiracy are insufficient to support such a conspiracy claim or to show a violation of section 1983. ***Fullman v. Graddick***, 739 F.2d 553 (11th Cir. 1984). In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough simply to allege in the complaint that a conspiracy existed.

Based upon the foregoing, **IT IS RECOMMENDED** that the following defendants be **DISMISSED** from this lawsuit: Dr. Ayaz Chaudhary, Dr. Young, Dr. Nichols, Terrie Mullis, Todd Tripp, and Deborah King. Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, **WITHIN FOURTEEN (14) DAYS** after being served a copy of this order.

4

### B. GDOC defendants

#### i. Shevondah Fields

Plaintiff's sole allegation against Shevondah Fields, the GDOC's Investigation and Compliance Manager, is that she conspired to withhold evidence. Plaintiff provides no details of Fields' conduct. As note above, general allegations of conspiracy are insufficient to state a claim under section 1983. Accordingly, **IT IS RECOMMENDED** that Fields be **DISMISSED** as a defendant herein. Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, **WITHIN FOURTEEN (14) DAYS** after being served a copy of this order.

#### ii. James Donald, Brian Owens, Joseph Paris, and Johnny Sikes

Plaintiff Howard appears to allege that James Donald, Brian Owens, Joseph Paris, and Johnny Sikes were responsible for the policy prohibiting Hepatitis C treatment for inmates who might be released within two years. He further alleges that Owens transferred plaintiff from ASP to RSP in retaliation for his filing prison grievances. Although the ultimate merits of plaintiff's claim against these GDOC defendants are unclear,[2] construing the complaint liberally in favor of plaintiff, the complaint against Donald, Owens, Paris, and Sikes will be allowed to go forward.

---

[2] *See* Recommendation entered on January 25, 2010, in *Howard v. Tripp*, Southern District of Georgia case number 3:07-cv-45-DHD (Tab # 66).

5

*C. ASP defendants*

Plaintiff appears to allege that Warden Bruce Chatman, Deputy Warden Marty Allen, and Chief Nurse Elaine Hutto were the personnel at ASP who were responsible for denying plaintiff treatment for his Hepatitis C. Once again, construing the action most favorably to plaintiff, as the Court must do at this juncture, the Court will allow the complaint to proceed against all three ASP defendants.

## SERVICE

Accordingly, **IT IS ORDERED AND DIRECTED** that service be made as provided by law upon **JAMES DONALD, BRIAN OWENS, JOSEPH PARIS, JOHNNY SIKES, ELAINE HUTTO, BRUCE CHATMAN,** and **MARTY ALLEN**, and that they file a **WAIVER OF REPLY**, an **ANSWER**, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. It is further **ORDERED AND DIRECTED** that a copy of this order be served upon plaintiff's custodian, if any.

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

☞ ### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

### DISCOVERY

PLAINTIFF SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANTS FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF. THE DEFENDANTS SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. <u>No party shall be required to respond to any such requests which exceed these limitations</u>.

### <u>REQUESTS FOR DISMISSAL AND/OR JUDGMENT</u>

Dismissal of this action or requests for judgment will <u>not</u> be considered by the court absent the filing of a **<u>SEPARATE MOTION</u>** therefor accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**ELECTION TO PROCEED BEFORE THE
UNITED STATES MAGISTRATE JUDGE**

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞ After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented. Upon receipt of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS. Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the **ELECTION FORMS** on whose behalf the form is executed.

**SO ORDERED AND RECOMMENDED**, this 2nd day of FEBRUARY, 2010.



                                   CLAUDE W. HICKS, JR.
                                   UNITED STATES MAGISTRATE JUDGE

**ADDENDUM TO ORDER**

# NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT.

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT.  <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.