IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| LAMONT HOWARD, : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | |
| : | 1 : 09-CV-120 (WLS) |
| ELAINE HUTTO, *et al.*, : | |
| : | |
| Defendants. : | |

**RECOMMENDATION**

The Plaintiff filed this action in July 2009, alleging improper medical care for his Hepatitis C condition. (Doc. 1). The Defendants filed a Motion to Dismiss for Lack of Prosecution on July 24, 2012, and the Court issued an Order on July 30, 2012, notifying the Plaintiff of the pendency of this motion and directing him to respond thereto. (Docs. 44, 45).

Defendants assert that the Plaintiff has failed to diligently prosecute this action, inasmuch as he has failed to file an amended Complaint as directed by the Court on February 15, 2011. (Doc. 39). Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempt from this requirement of diligent prosecution. *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989). The Court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is

necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962).

A review of this entire action reveals a clear record of delay or willful contempt on the part of the Plaintiff. As set out by the Defendants, Plaintiff has failed to respond to the Court's Order to file an amended Complaint, with said Order requiring the Plaintiff to file his amended Complaint within 30 days of February 15, 2011. (Doc. 40). Over a year and a half has passed since the Plaintiff=s last direct contact with the Court, when Plaintiff filed a Notice of Subpoena. (Doc. 41). Plaintiff has failed to respond to the Defendants= most recent Motion to Dismiss (Doc. 44) as directed, although the Certificate of Service attached to Defendants=most recent motion indicates service on the Plaintiff at his last known address.

The Court finds that lesser sanctions will not suffice. Inasmuch as the Plaintiff has failed to proceed in any substantive way with the litigation of this lawsuit in over a year, has failed to respond to the Defendants=most recent Motion to Dismiss, and has failed to follow the directives of the Court regarding the filing of an amended Complaint, it is the recommendation of the undersigned that the Defendants=Motion to Dismiss (Doc. 44) be **GRANTED,** and that this action be **DISMISSED** as to all Defendants. Pursuant to 28 U.S.C. ▪ 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 30th day of August, 2012.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE